IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GREGORY ALLEN BOTTOM, JR.,

     Plaintiff,

     v.                              CASE NO.  24-3155-JWL

TIMOTHY D. ACKERMAN, et al.,

     Defendants.

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Gregory Allen Bottom, Jr., is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

## I.  Nature of the Matter before the Court

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff is in custody at the Marshall County Jail in Marysville, Kansas ("MCJ").  The Court granted Plaintiff leave to proceed in forma pauperis.  (Doc. 4.)

Plaintiff alleges that while housed at the MCJ, a piece of his official mail was opened outside of his presence and scanned into the kiosk on July 11, 2024.  (Doc. 1, at 2.)  Plaintiff alleges that he filed a grievance, and staff responded that because it was titled "not legal mail," their actions were appropriate.  *Id*.

Plaintiff alleges that staff admitted they were wrong after Plaintiff showed them the facility's own handbook and K.A.R. 44-12-601.  *Id*.  Plaintiff then states that K.A.R. 44-12-601(a)(1)(B) provides that "official mail" means any mail between an inmate and an official of the state or federal government.  *Id*. at 4.  He alleges that the facility handbook provides that mail

from the attorney general must be opened in the presence of the inmate. *Id*. Plaintiff states that his mail that was opened on July 11, 2024, was from the Attorney General. *Id*.

Plaintiff names as defendants: Timothy D. Ackerman, Marshall County Sheriff; and Timothy Anderson, Sergeant Jailer at the Marshal County Sheriff's Department. Plaintiff seeks $25,000 in monetary relief "for the illegal search and seizure of official mail by Marshall County Jail." *Id*. at 6.

## II. Statutory Screening

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it

3

innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. Official Mail

Plaintiff alleges that a piece of his official mail was opened outside of his presence. Plaintiff does not allege that this happened more than once or that the mail constituted legal mail. Even instances of opening one piece of legal mail have been found to be insufficient.  The Tenth Circuit has held that where prison officials opened one piece of constitutionally protected mail by accident, "[s]uch an isolated incident, without any evidence of improper motive or resulting interference with [the inmate's] right . . . of access to the courts, does not give rise to a constitutional violation."  *Florence v. Booker*, 23 F. App'x 970, 972 (10th Cir. 2001) (citing *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990)).

Likewise, this Court has held that where a plaintiff has alleged merely two isolated incidents in which jail officials opened legal mail, plaintiff "must therefore show either an improper motivation by defendants or denial of access to the courts."  *Thompson v. Hooper*, No. 05-3470-JWL, 2006 WL 1128692, at *4 (D. Kan. April 25, 2006) (citing *Florence*, 23 F. App'x at 972); *see also Bagguley v. Barr*, 893 F. Supp. 967, 972 (D. Kan. 1995) ("[A]ssuming these three envelopes were opened in violation of the applicable federal regulations, such conduct, under the circumstances of this case, does not rise to the level of a constitutional violation."); *Williams v. Armstrong*, No. 12-3136-SAC, 2013 WL 812185, at *4 (D. Kan. March 5, 2013) (claim dismissed where prisoner's legal mail was opened on one or more occasions and was explained to him as an error); *Elrod v. Swanson*, 478 F. Supp. 2d 1252, 1275

(D. Kan. 2007) (plaintiff could not show injury from alleged opening of legal mail where plaintiff did not argue interference with communication with counsel and did not show anything more than an inadvertent mistake by prison officials); *Rashaw-Bey v. Carrizales*, No. 09-3075-JAR, 2010 WL 3613953, at *8 (D. Kan. Sept. 3, 2010) (inadvertent opening of three envelopes with no allegation of deliberate conduct on part of prison officials insufficient to establish a First Amendment constitutional violation).

Plaintiff alleges that one piece of official, not legal, mail was opened.  Even if a piece of legal mail was opened, he has failed to allege an improper motive or interference with access to the courts or counsel.  Plaintiff has failed to allege a constitutional violation and his claim is subject to dismissal.

### 2.  Violations of Kansas Regulations and Facility Handbook

Plaintiff alleges that the opening of his official mail was in violation of Kansas regulations and the MCJ handbook.  Violations of state law or prison regulations do not provide a cause of action under § 1983.  Plaintiff must state a federal constitutional violation.  State statutes do not provide a basis for liability under § 1983 which only protects rights secured by the Constitution and laws of the United States.  *D.L. v. United Sch. Dist. No. 497*, 596 F.3d 768, 776 (10th Cir. 2010) (finding that "Plaintiffs' citations to Kansas case law to support their claim . . . is unavailing, as § 1983 affords a remedy for violations of federal law and does not 'provide a basis for redressing violations of *state* law.'") (citation omitted).

Likewise, the violation of a prison regulation does not state a constitutional violation unless the prison official's conduct "failed to conform to the constitutional standard." *Porro v. Barnes*, 624 F.3d 1322, 1329 (10th Cir. 2010) (internal quotation marks omitted) (holding

prisoner must establish that violation of a prison policy necessarily stated a constitutional violation).  As the Tenth Circuit has stated:

> [N]o reasonable jurist could conclude that [a plaintiff's] claim that prison officials deprived him of due process by violating internal prison regulations rises to the level of a due process violation. Prison regulations are "primarily designed to guide correctional officials in the administration of a prison [They are] not designed to confer rights on inmates…." *Sandin v. Conner*, 515 U.S. 472, 481-82, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

*Brown v. Wyoming Dept. of Corrections*, 234 F. App'x 874, 878 (10th Cir. 2007).  Plaintiff's claim based on the violation of state law and prison regulations is subject to dismissal for failure to state a constitutional violation.

### 3.  Relief Requested

Plaintiff seeks $25,000 in damages "for the illegal search and seizure of official mail." (Doc. 1, at 6.)  Any request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury.  Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).

## IV.  Motion to Appoint Counsel

Plaintiff has filed a Motion for Appointment of Counsel (Doc. 3), arguing that he is unable to afford counsel, the issues are complex, he has limited access to a law library, and he has only a limited understanding of the law.  (Doc. 3, at 1–2.)

The Court has considered Plaintiff's motion for appointment of counsel.  There is no constitutional right to appointment of counsel in a civil case.  *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995).  The decision

whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion if Plaintiff's Complaint survives screening.

## V. Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Failure to respond by the deadline may result in dismissal of this case without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Appointment of Counsel (Doc. 3) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **October 21, 2024,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated September 20, 2024, in Kansas City, Kansas.**

**<u>S/  John W. Lungstrum</u>**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**