IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GREGORY ALLEN BOTTOM, JR.,**

    **Plaintiff,**

    v.                                                 **CASE NO. 24-3155-JWL**

**TIMOTHY D. ACKERMAN, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Marshall County Jail in Marysville, Kansas ("MCJ"). The Court granted Plaintiff leave to proceed in forma pauperis. (Doc. 4.) On September 20, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 5) ("MOSC") granting Plaintiff until October 21, 2024, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff has failed to respond by the Court's deadline.

Plaintiff alleges that a piece of his official mail was opened outside of his presence. The Court found in the MOSC that Plaintiff does not allege that this happened more than once or that the mail constituted legal mail. Even instances of opening one piece of legal mail have been found to be insufficient. The Tenth Circuit has held that where prison officials opened one piece of constitutionally protected mail by accident, "[s]uch an isolated incident, without any evidence of improper motive or resulting interference with [the inmate's] right . . . of access to the courts, does not give rise to a constitutional violation." *Florence v. Booker*, 23 F. App'x 970, 972 (10th Cir. 2001) (citing *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990)).

Likewise, this Court has held that where a plaintiff has alleged merely two isolated incidents in which jail officials opened legal mail, plaintiff "must therefore show either an

1

improper motivation by defendants or denial of access to the courts." *Thompson v. Hooper*, No. 05-3470-JWL, 2006 WL 1128692, at *4 (D. Kan. April 25, 2006) (citing *Florence*, 23 F. App'x at 972); *see also Bagguley v. Barr*, 893 F. Supp. 967, 972 (D. Kan. 1995) ("[A]ssuming these three envelopes were opened in violation of the applicable federal regulations, such conduct, under the circumstances of this case, does not rise to the level of a constitutional violation."); *Williams v. Armstrong*, No. 12-3136-SAC, 2013 WL 812185, at *4 (D. Kan. March 5, 2013) (claim dismissed where prisoner's legal mail was opened on one or more occasions and was explained to him as an error); *Elrod v. Swanson*, 478 F. Supp. 2d 1252, 1275 (D. Kan. 2007) (plaintiff could not show injury from alleged opening of legal mail where plaintiff did not argue interference with communication with counsel and did not show anything more than an inadvertent mistake by prison officials); *Rashaw-Bey v. Carrizales*, No. 09-3075-JAR, 2010 WL 3613953, at *8 (D. Kan. Sept. 3, 2010) (inadvertent opening of three envelopes with no allegation of deliberate conduct on part of prison officials insufficient to establish a First Amendment constitutional violation).

The Court found in the MOSC that Plaintiff alleges that one piece of official, not legal, mail was opened. Even if a piece of legal mail was opened, he has failed to allege an improper motive or interference with access to the courts or counsel.

Plaintiff also alleges that the opening of his official mail was in violation of Kansas regulations and the MCJ handbook. The Court found in the MOSC that violations of state law or prison regulations do not provide a cause of action under § 1983. Plaintiff must state a federal constitutional violation.

The Court's MOSC provides that "[f]ailure to respond by the deadline may result in dismissal of this case without further notice for failure to state a claim." (Doc. 5, at 7.) Plaintiff

2

has failed to respond to the Court's MOSC by the Court's deadline and has failed to show good cause why his Complaint should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated October 29, 2024, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**